IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYMOND SOMMERVILLE,

          Plaintiff,

vs.                                                                Case No. 06-1110-JTM

MICHAEL J. ASTRUE,
Commissioner of Social Security

          Defendant.

**MEMORANDUM AND ORDER**

Presently before this court is plaintiff Raymond Sommerville's (Sommerville's) application for attorney fees under the Equal Access to Justice Act (EAJA) (Dkt. No. 39). Because the court finds the time preparing the briefs is reasonable, the motion is granted, and Sommerville's counsel is to be awarded $10,881.35 in attorneys fees, to be made payable directly to plaintiff's counsel, David H.M. Gray.

**I. Legal Standard**

The EAJA provides for award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. *Estate of Smith v. O'Halloran*, 930 F.2d 1496, 1501 (10th Cir.1991). Under the EAJA, a prevailing party includes a plaintiff who secures a sentence for remand reversing the Commissioner's denial of benefits as to "any

significant issue in litigation which achieve[d] some of the benefit ... sought in bringing suit."
*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989).

The Commissioner bears the burden to show that his position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.1995). However, the party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 437 (1983); *Brooks v. Barnhart*, No. 04-2526-CM, 2006 WL 3027975, *1-2 (D. Kan. Sept. 25, 2006). The objecting party has the burden to challenge the claim for attorney fees with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended. *Bell v. United Princeton Prop., Inc.*, 884 F.2d 713, 715 (3d Cir. 1989). Further, the court has a duty to evaluate the reasonableness of every fee request. *Hensley*, 461 U.S. at 433-34.

## II. Discussion

### *A.  Arguments*

Sommerville is the prevailing party in this action pursuant to this court's order, which reversed the action of the agency and remanded the case to the Commissioner with directions to award Sommerville disability insurance income benefits as of March 1, 1996 (Dkt. No. 34). Sommerville's attorney initially requested that he be compensated in the amount of $9,917.64, representing 61.86 hours of attorney time at $160.35 per hour. However, after spending 6 additional hours preparing a reply brief, plaintiff's counsel argued that he should be compensated in the amount of $10,881.35, representing 67.86 hours, at $160.35 per hour.

Although the Commissioner agrees that there should be an award of EAJA fees in this case, it objects to the amount Sommerville's attorney is seeking, and requests that this court

2

reduce the fee award to a reasonable amount. Specifically, the Commissioner argues that the number of hours for which counsel has requested reimbursement is not reasonable, and that typically, attorneys experienced in Social Security disability litigation are awarded compensation for less than 40 hours of attorney time. Additionally, the Commissioner argues that although the record was voluminous, the case was not particularly complex, that the attorney is experienced, and thus the time expended was excessive.

Plaintiff filed a reply to the Commissioner's arguments in which he asserted, among other things, that the Commissioner failed to identify specific objections to the fee request showing why the amount of time spent in research and writing is excessive, and instead relies generally on statistical data that does not directly relate to the brief in question. Plaintiff further argues that the case was not typical in that it involved a voluminous administrative record that was approximately 1,380 pages.

### *B. Analysis*

After careful review of the record in this case and the fees requested by plaintiff's counsel, this court finds that the request is reasonable and should be granted. As plaintiff correctly argues, this is not a typical or routine Social Security disability case. The record, at more than one thousand pages, qualifies as voluminous. Further, the Commissioner does not point to any individual issue within a brief which was unnecessary, involved more time than necessary to that brief or that issue, was repetitive or extraneous, or was included for a purpose to inflate the time spent on the brief or issue. The Commissioner has also not met its burden to point to what is unreasonable about plaintiff's fee request. The fact that typical Social Security disability cases involve around 40 hours of attorney time is irrelevant to this case. Additionally,

the fact that plaintiff's attorney has the expertise to handle a case with greater efficiency than other practitioners means little in this context, as this court will not disregard time honestly spent working on the brief simply because the attorney preparing it is experienced.  As such, plaintiff's request is granted.

      IT IS ACCORDINGLY ORDERED this 13th day of May, 2008, that the Sommerville's application for attorney fees under the Equal Access to Justice Act (Dkt. No. 39) is granted, and Sommerville's counsel is to be awarded $10,881.35 in attorneys fees, to be made payable directly to plaintiff's counsel, David H.M. Gray.

                                                 s/ J. Thomas Marten
                                                 J. THOMAS MARTEN, JUDGE